CAMPBELL, Judge,
dissenting.
I respectfully dissent.
This appeal is from a final judgment rendered against appellant, Aetna Insurance Company, in a suit filed by its insured, Robert Bocook, appellee. Bocook sued Aetna to collect underinsured motorist (UM) insurance for injuries he suffered following an automobile accident. Bocook alleged that James Stalter’s negligence caused the accident. Although Bocook settled with Stalter for the limits of Stalter’s liability insurance, he alleged that those funds were insufficient to cover his damages and, accordingly, filed an action against Aetna for UM coverage. Aetna admitted that it provided UM coverage to Bocook and denied only that Boeook’s damages were such as to require Aetna to pay UM benefits. During the course of the trial, and over Aetna’s objections, Bocook introduced his Aetna policy, without the declarations page, into evidence. Aetna objected on the grounds that there was no disputed issue as to coverage or interpretation of the policy.
During closing arguments to the jury, Bo-cook’s attorney used blowup exhibits of portions of Aetna’s policy, again over Aetna’s objections, to argue to the jury that Aetna had breached its contract with Bocook. Aet-na’s objection and Aetna’s request for a mistrial were denied.
Contrary to my colleagues in the majority, I believe that the existence of the Aetna policy, its terms and its alleged breach became an improper focus of the trial and the mistrial should have been granted.
I would reverse the final judgment and remand for a new trial.